1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  1990 North California Blvd., Suite 940
   Walnut Creek, CA 94596
3  Telephone: (925) 300-4455
   Facsimile: (925) 407-2700
4  E-Mail: ltfisher@bursor.com

5  **BURSOR & FISHER, P.A.**
   Scott A. Bursor (State Bar No. 276006)
6  2665 S. Bayshore Dr. Ste. 220
   Miami, FL 33133-5402
7  Telephone: (305) 330-5512
   Facsimile: (212) 989-9163
8  E-Mail: scott@bursor.com

9  *Attorneys for Plaintiff*

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14 | MARY CARTER, on behalf of herself and all others similarly situated, | Case No. |
15 | | |
16 | Plaintiff, | **CLASS ACTION COMPLAINT** |
   | v. | |
17 | | **JURY TRIAL DEMANDED** |
18 | EAST BAY PUBLISHING LLC, BAY AREA NEWS GROUP EAST BAY, LLC, MEDIANEWS GROUP INC. d/b/a DIGITAL FIRST MEDIA, and LOCALIS, LLC, | |
19 | | |
20 | Defendants. | |

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1   Plaintiff Mary Carter ("Plaintiff" or "Ms. Carter"), individually and on behalf of all others similarly situated, alleges the following on information and belief against East Bay Publishing LLC ("East Bay Times"), Bay Area News Group East Bay, LLC ("Bay Area News Group"), MediaNews Group Inc. d/b/a Digital First Media ("Digital First Media") (collectively the "Digital First Defendants"), and Localis, LLC ("Localis") (collectively "Defendants") regarding Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendants' practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendants from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

**PARTIES**

1. Plaintiff Mary Carter is, and at all times mentioned herein was, a resident of Oakland, California, and a citizen of the State of California.

2. Defendant East Bay Publishing LLC is, upon information and belief, a corporation organized under the laws of Delaware with a principal place of business at 175 Lennon Lane Suite 100, Walnut Creek, CA 94598.  East Bay Times conducts business in this District and throughout the United States.  Defendant East Bay Times is, upon information and belief, a subsidiary of both Bay Area News Group East Bay, LLC and MediaNews Group Inc. d/b/a Digital First Media.

3. Defendant Bay Area News Group East Bay, LLC is, upon information and belief, a corporation organized under the laws of Delaware with a principal place of business at 4 North Second Street, Suite 800, San Jose, CA, 95113.  Bay Area News Group conducts business in this District and throughout the United States.  Defendant Bay Area News Group is, upon information and belief, a subsidiary of MediaNews Group Inc. d/b/a Digital First Media.  Defendant Bay Area News Group, during all times relevant to Plaintiff's claims, directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls,

1  including the selection of the calling equipment.  Defendant Bay Area News Group was the

2  guiding spirit and central figure behind these unlawful calls being made in the matter they were.

3        4.      Defendant MediaNews Group Inc. d/b/a Digital First Media is, upon information

4  and belief, a corporation organized under the laws of Delaware with a principal place of business at

5  101 West Colfax Avenue, 11th Floor, Denver, CO 80202-5177.  Defendant Digital First Media

6  conducts business in this District and throughout the United States.  Defendant Digital First Media,

7  during all times relevant to Plaintiff's claims, directed and authorized all of the unlawful calls

8  described herein, and was intimately involved in the program to make these calls, including the

9  selection of the calling equipment.  Defendant Digital First Media was the guiding spirit and

10 central figure behind these unlawful calls being made in the matter they were.

11       5.      Defendant Localis, LLC is, upon information and belief, a corporation organized

12 under the laws of Nevada with a principal place of business at 3225 McLeod Drive, Suite 100, Las

13 Vegas, NV 89121-2257.  Defendant Localis is a marketing company specializing in newspaper

14 telemarketing services.  On information and belief, the Media First Defendants contract Localis to

15 make calls on their behalf.  Localis conducts business in this District and throughout the United

16 States.

17       **JURISDICTION AND VENUE**

18       6.      This Court has subject matter jurisdiction over this action pursuant to the Class

19 Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

20 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

21 here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed

22 class have a different citizenship from at least one Defendant; and (c) the claims of the proposed

23 class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28

24 U.S.C. § 1332(d)(2) and (6).

25       7.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331

26 because this action involves violations of a federal statute, the TCPA.

CLASS ACTION COMPLAINT       2

8. This Court has personal jurisdiction over Defendants because Defendants made and continue to make unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants made and continue to make unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act ("TCPA") Of 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendants' Calls to Plaintiff and Class Members**

13. Defendants called Plaintiff using an autodialer without her prior express written consent at least once, including a call on December 11, 2018 from the telephone number (925) 214-0546.

14. Defendants own the telephone number (925) 214-0546. In fact, when the number is dialed back, an agent answers the phone and identifies himself or herself as an agent of the Digital First Defendants.

15. When Plaintiff answered Defendants' call, she heard a momentary pause. This pause is a hallmark of a predictive dialer. According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

16. At all times material to this Complaint, Defendants were and are fully aware that unwanted autodialed calls are being made to consumers' telephones through their own efforts and those of their agents.

17. Defendants knowingly made (and continue to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following East Bay Times Class definition:

> All persons within the United States who (a) received a telephone call on his or her cellular telephone; (b) made by or on behalf of Defendant East Bay Times; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Plaintiff proposes the following Digital First Media Class definition:

> All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant Digital First Media or any of its subsidiaries; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Plaintiff represents, and is a member of, these proposed classes. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

22. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendants' business, that the classes are so numerous that individual joinder would be impracticable.

23. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

25. The proposed classes can be identified easily through records maintained by Defendants.

26. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to Plaintiff and class members using an ATDS without prior express consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants are liable for damages, and the amount of such damages, and

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

27.   **Typicality.**  Plaintiff asserts claims that are typical of each member of the classes because they are all persons who received calls on their telephones using an ATDS without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

28.   **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

29.   Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30.   **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

31.   Class wide relief is essential to compel Defendants to comply with the TCPA.

32.   The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

33.   Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

34.   Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.

35.   Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

40. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and members of the proposed classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

45. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  January 11, 2019　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A.**

　　　　　　　　　　　　　　　　By:   */s/ L. Timothy Fisher*
　　　　　　　　　　　　　　　　　　　L. Timothy Fisher

　　　　　　　　　　　　　　　　L. Timothy Fisher (State Bar No. 191626)
　　　　　　　　　　　　　　　　1990 North California Blvd., Suite 940
　　　　　　　　　　　　　　　　Walnut Creek, CA 94596
　　　　　　　　　　　　　　　　Telephone: (925) 300-4455
　　　　　　　　　　　　　　　　Facsimile: (925) 407-2700
　　　　　　　　　　　　　　　　E-Mail: ltfisher@bursor.com

　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A.**
　　　　　　　　　　　　　　　　Scott A. Bursor (State Bar No. 276006)
　　　　　　　　　　　　　　　　2665 S. Bayshore Dr. Ste. 220
　　　　　　　　　　　　　　　　Miami, FL 33133-5402
　　　　　　　　　　　　　　　　Telephone: (305) 330-5512
　　　　　　　　　　　　　　　　Facsimile: (212) 989-9163
　　　　　　　　　　　　　　　　E-Mail: scott@bursor.com

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*