**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CARTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BAY AREA NEWS GROUP EAST BAY, LLC and LOCALIS, LLC,<br><br>Defendants. | Case No. 3:19-cv-00216-JST<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mary Carter ("Plaintiff" or "Ms. Carter"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Bay Area News Group East Bay, LLC ("BANG") and Localis, LLC ("Localis") (collectively "Defendants") regarding Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendants' practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendants from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

**PARTIES**

1.      Plaintiff Mary Carter is, and at all times mentioned herein was, a resident of Oakland, California, and a citizen of the State of California.

2.      Defendant Bay Area News Group East Bay, LLC is a corporation organized under the laws of Delaware with a principal place of business at 4 North Second Street, Suite 800, San Jose, CA, 95113. BANG conducts business in this District and throughout the United States. BANG, during all times relevant to Plaintiff's claims, directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls, including the selection of the calling equipment. BANG was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

3.      Defendant Localis, LLC is a corporation organized under the laws of Nevada with a principal place of business at 3225 McLeod Drive, Suite 100, Las Vegas, NV 89121-2257. Defendant Localis is a marketing company specializing in newspaper telemarketing services. BANG hired Localis to make telemarketing calls on its behalf. Localis conducts business in this District and throughout the United States.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

1  U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from at least one Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

5. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

6. This Court has personal jurisdiction over Defendants because Defendants made and continue to make unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants made and continue to make unwanted autodialed telemarketing calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The Telephone Consumer Protection Act ("TCPA") Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.

FIRST AMENDED CLASS ACTION COMPLAINT                                                                                 2
CASE NO. 3:19-cv-00216-JST

2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Calls to Plaintiff and Class Members**

11.     Defendant Localis called Plaintiff on her cellular telephone using an autodialer without her prior express written consent at least once, including a call on December 11, 2018 from the telephone number (925) 214-0546.

12.     When Plaintiff answered the call, she heard a significant pause.  This pause is a hallmark of a predictive dialer.  According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

13.     When the (925) 214-0546 number is dialed back, an agent answers the phone and identifies himself as an employee of Localis hired to conduct telemarketing for the East Bay Times, which is owned by BANG.  This indicates that BANG hired Localis to place telemarketing calls on its behalf and that Localis was thus acting at their direction in the scope of their authority when it placed calls to Plaintiff and others.

14.     Localis knowingly made (and continues to make) autodialed calls to consumers' telephones without the prior express written consent of the call recipients on behalf of and under the direction and authority of BANG.  In so doing, all Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

15.     Online consumer complaints regarding unsolicited phone calls from the (925) 214-0546 number and BANG generally are legion:

- "Unsolicited call"[1]

---

[1] https://www.shouldianswer.com/phone-number/9252140910

FIRST AMENDED CLASS ACTION COMPLAINT                                                                    3
CASE NO. 3:19-CV-00216-JST

- "Unsolicited call"[2]
- "Telemarketer"[3]
- "Unsolicited call"[4]
- "Silent call"[5]
- "Wound up reading an article or two on the East Bay Times site. Just a few minutes past 9 this morning, I get a call from someone who knew my full name and wanted to sell me a subscription. I get it, we no longer have privacy, but seems a lot big brothery to me."[6]
- "Constantly being harassed about getting the paper even though i tell them i am not interested."[7]
- "They just keep calling and calling and when you keep saying no, the 'salespeople' keep insisting. It's so ANNOYING. The constant harassment of receiving daily calls is insane. I've requested that my family phone be put on a 'do not call list' and the most recent guy (Bob) said that he would for HIS COMPANY. The East Bay Times is annoying enough to go through several telemarketing companies so, even if you're out on the do not call list for one, there are still a ton more that will harass you."[8]
- "They will call you every other day and never stop. I've asked to be taken off the call list each time, they always say they will, and I keep getting the calls. They will use spoof numbers from local area codes so you can never actually block the calls because the number changes every time."[9]
- "East Bay Times will not quit calling me. They called again last week. And today again, at 9:30 AM, on CHRISTMAS EVE MORNING with the same solicitation. I gave the

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] https://www.reddit.com/r/bayarea/comments/8vtemx/east_bay_times_phone_call/
[7] https://www.yelp.com/biz/east-bay-times-walnut-creek-2
[8] *Id.*
[9] *Id.*

FIRST AMENDED CLASS ACTION COMPLAINT                                              4
CASE NO. 3:19-CV-00216-JST

caller 'Eve' a piece of my mind.  What slimy organization illegally solicits via phone on Christmas Eve morning?  Their caller ID number is a scam, too."[10]

- "Harrassing [sic] phone calls continuing over 6 months after I canceled.  Even after I block 1 phone number, they call from another!"[11]
- "I expressed interest in this one time before but decided not to sign up and told them so.  Since then, i have received non stop calls on my personal phone even when i have told them numerous times i am not interested.  This is a form of harassment.  I just got off the phone with a person from there who just called me right now and was being a smart ass when i told him i was busy and wanted to be removed from their call list.  East Bay Times ... YOU SUCK!"[12]

16. These numerous consumer complaints indicate that Localis, acting on behalf of BANG, is calling so many people that they are almost certainly using automated technology that would constitute an ATDS.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a telephone call on his or her cellular telephone; (b) made by or on behalf of BANG and/or Localis or any of their subsidiaries; (c) at any time in the period that begins four years before the filing of the initial complaint in this action to the date that class notice is disseminated.

19. Plaintiff represents, and is a member of, this proposed Class.  Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

---

[10] *Id.*
[11] *Id.*
[12] https://www.yelp.com/biz/east-bay-times-walnut-creek-2?start=40

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:19-CV-00216-JST

5

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendants' business, that the Class is so numerous that individual joinder would be impracticable.

21. **Existence and Predominance of Common Questions of Law and Fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

23. The proposed Class can be identified easily through records maintained by Defendants.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendants made telephone calls to Plaintiff and class members using an ATDS without prior express consent or caused others to make such calls on their behalf;

   b. Whether Defendants' conduct was knowing and/or willful;

   c. Whether Defendants are liable for damages, and the amount of such damages, and

   d. Whether Defendants should be enjoined from engaging in such conduct in the future.

25. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their telephones using an ATDS without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

29. Class wide relief is essential to compel Defendants to comply with the TCPA.

30. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

31. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

32. Defendants have acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

33. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)**

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227(b)(1)(A).

36. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227(b)(1)(A).

41. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendants:

    a.    Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    b.    As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.    As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d.    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

    e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

    f.    Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: June 12, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___/s/ L. Timothy Fisher___
      L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*