UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA NEWS GROUP EAST BAY, LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-00216-JST<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: ECF No. 39 |

Before the Court is a motion to dismiss the First Amended Complaint ("FAC") brought by Defendant Bay Area News Group-East Bay, LLC ("BANG"). ECF No. 39. Plaintiff Mary Carter opposes the motion. ECF No. 40. For the reasons set forth below, the motion is GRANTED.

## I.   BACKGROUND

Plaintiff Mary Carter brings this putative class action against Defendants BANG and Localis, LLC. ECF No. 38 ("first amended complaint" or "FAC") ¶¶ 2, 3, 17. She alleges that Defendants called her and other putative class members on their cell phones using an automatic telephone dialing system ("ATDS") without their prior consent, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). *Id.* ¶¶ 8-16, 18. Carter seeks statutory damages, treble damages for knowing and willful violation of the TCPA, injunctive relief, and an award of attorney's fees and costs. *Id.* ¶¶ 34-43.

Carter alleges Localis called her using an autodialer without her prior express written consent "at least once," pointing to a call on December 11, 2018. FAC ¶ 11. She reports that when she picked up the phone, she heard a "significant pause . . . a hallmark of a predictive dialer." *Id.* ¶ 12. When she dialed the number back, the person who answered the phone identified himself as an employee of Localis hired to conduct telemarketing for the East Bay

Times, which is owned by BANG. *Id.* ¶ 13. Carter asserts that "BANG hired Localis to place telemarketing calls on its behalf and that Localis was thus acting at [BANG's] direction . . . when it placed calls to Plaintiff and others." *Id.* The complaint includes several examples of complaints left online by individuals who have received these unwanted calls, *id.* ¶ 15, to contend that "Localis, acting on behalf of BANG, is calling so many people that they are almost certainly using automated technology that would constitute an ATDS." *Id.* ¶ 16.

Localis failed to appear, and default has been entered against it. ECF No. 22. The Court granted a prior motion to dismiss brought by BANG and a since-dismissed Defendant. ECF No. 36. Carter filed the first amended complaint, ECF No. 38, which BANG now moves to dismiss, asserting that amendment has failed to cure the deficiencies the Court identified in its prior order. ECF No. 39 at 2. Carter opposes the motion. ECF No. 40. BANG has filed a reply. ECF No. 41.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted).

In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*,

2

521 F.3d 1097, 1104 (9th Cir. 2008).  If the motion to dismiss is granted, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

## III.  DISCUSSION

The Court dismissed the original complaint on the grounds that it (1) lacked sufficient detail as to whether the calls were received on a mobile phone or a landline; (2) failed to plausibly plead either an agency relationship or ratification of Localis's actions; (3) failed to adequately plead the use of an ATDS to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii); and (4) failed to differentiate among the Defendants' respective roles in the scheme.  ECF No. 36 at 4, 9, 11, 13.

BANG now argues that Carter's amended complaint still fails to allege the facts needed to plead either an agency relationship or the use of an ATDS.  ECF No. 39 at 8.  Carter contends that her amended complaint cures each of the deficiencies set out in the Court's prior order dismissing her original complaint.  ECF No. 40 at 5.

### A.  Failure to Adequately Plead Relationship between BANG and Localis

As the Court's prior order explained, Carter must allege an agency relationship between BANG and Localis to hold BANG vicariously liable under the TCPA for calls placed by Localis.  *See* ECF No. 36 at 6 (quoting *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014)).  The Court there held that, despite the original complaint's contention that BANG "contract[ed] Localis to make calls on [its] behalf," Carter had "fail[ed] to plead any facts in support of [her] conclusory allegations that [BANG] exercised any control over Localis in allegedly making the calls to Plaintiff to establish an agency relationship between them."  *Id.* at 8 (internal quotation marks omitted).  As the Court explained, "[a]n allegation of a beneficial contractual relationship alone is insufficient to establish agency."  *Id.*  Carter further failed to plead that BANG ratified Localis's allegedly illegal calls because the complaint failed to assert that BANG was "even aware of Localis's alleged conduct, much less that [it] took any act that could be construed as consent or approval."  *Id.*

BANG now asserts that Carter's amended complaint still fails to establish an agency

relationship or ratification and instead "merely makes cosmetic changes to Plaintiff's insufficient, conclusory allegations." ECF No. 39 at 11. As Bang describes the amendments:

> Plaintiff changed her allegation that BANG "contract[ed] Localis to make calls on [its] behalf" to BANG "hired Localis to make telemarketing calls on its behalf." *Compare* FAC ¶ 3, *with* Compl. ¶ 5. Likewise, Plaintiff changed her allegation that "when the number is dialed back, an agent answers the phone and identifies himself or herself as an agent of the Digital First Defendants" to the agent "identifies himself as an employee of Localis hired to conduct telemarking for the East Bay Times, which is owned by BANG." *Compare* FAC ¶ 13, *with* Compl. ¶ 14. Plaintiff alleges in her FAC that "[t]his indicates that BANG hired Localis to place telemarketing calls on its behalf and that Localis was thus acting at their direction in the scope of their authority when it placed calls to Plaintiff and others." FAC ¶ 13; *see also id.* ¶ 14 (alleging Localis made the calls "on behalf of and under the direction and authority of BANG").

*Id.* Carter contends in opposition that she "has offered sufficient facts to support a reasonable inference that BANG hired Localis to make telemarketing calls on its behalf, that Localis made these calls with BANG's full knowledge and assistance, and that BANG controlled the means and manner in which the calls were placed." ECF No. 40 at 5.

The Court is not persuaded. "In determining whether vicarious liability may be imposed, the extent of control exercised by the [principal] is the essential ingredient." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) (internal quotation marks and citation omitted). To establish vicarious liability under the TCPA, a plaintiff must allege facts indicating that the defendant controlled the "manner and means" of the call. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd,* 582 F. App'x 678 (9th Cir. 2014). Even after being granted leave to amend, Carter fails to identify any facts explaining how BANG exerted control over Localis's calls. Instead, she largely repeats the allegations this Court previously found inadequate to plead agency:

> BANG, during all times relevant to Plaintiff's claims, directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls, including the selection of the calling equipment. BANG was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

FAC ¶ 2.

4

As the Court already held, "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" ECF No. 36 at 6-7 (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, Case No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)). Carter has not pleaded any additional facts that would support such an inference. Instead, she essentially seeks reconsideration of the Court's prior order by pointing to cases not identified in her response to the earlier motion to dismiss and arguing that the same allegations the Court once rejected are now sufficient to plead an agency relationship. *See* ECF Nos. 40 at 7-9; 41 at 3. The new cases Carter cites are each distinguishable because they involve factual allegations that go beyond those present in either the original complaint or the FAC in this case. *See* ECF No. 41 at 6-8. In *Moser v. Health Ins. Innovations, Inc.*, for example, plaintiff alleged that (1) defendant "HII [was] the principle actor in a scheme to sell . . . insurance related services . . . by making illegal telemarketing calls prohibited by the [TCPA]"; (2) "HII contract[ed] with boiler room phone salesperson[s]' to 'cold call . . . unsuspecting consumers' in an attempt to sell 'insurance products and 'memberships HII has bundled together.'"; (3) plaintiff received 82 calls from two telemarketers hired by defendants HII and Unified to sell their bundled products that violated the TCPA; (4) two of these calls transferred the plaintiff directly to a representative of HII; (5) the plaintiff received a welcome email directly from HII following the calls; and (6) HII distributed all sales payments from such violative calls downstream to Unified. *Moser*, No. 3:17-CV-1127-WQH-KSC, 2018 WL 325112, at *6-7 (S.D. Cal. Jan. 5, 2018). On these facts, the *Moser* court held that plaintiff had plausibly alleged that the telemarketers were HII's agents. These facts go far beyond those alleged by Plaintiff here.

As BANG points out, Carter "cites no case holding that the mere hiring of a third party telemarketer is sufficient to plead an agency relationship necessary to hold the defendant vicariously liable for a telemarketer's alleged conduct in violation of the TCPA." ECF No. 41 at 8; *see Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *6 (N.D. Cal. Mar. 20, 2019) (dismissing TCPA claim because "granting permission to perform

telemarketing does not mean that [a defendant] exercised control over the entity that made the . . . call").

Carter does state that BANG "was intimately involved in . . . the selection of the calling equipment." FAC ¶ 2. The parties have not cited, and the Court has not found, any case – in any federal jurisdiction – holding that the selection of calling equipment is sufficient to establish a principal/agency relationship. That leaves only Plaintiff's allegation that BANG was the "guiding spirit" behind the calls, an allegation Plaintiff appears to have lifted from *Mora v. Zeta Interactive Corp.*, No. 116CV00198DADSAB, 2016 WL 3477222, at *1 (E.D. Cal. June 27, 2016) (quoting complaint's allegations that "defendant was "the guiding spirit and central figure behind . . . unlawful calls" being made in violation of the TCPA). Plaintiff is correct that the *Mora* district court denied a motion to dismiss the complaint, but that case is inapposite because the court found that the complaint alleged an agency relationship between the defendant company and its CEO and founder, who was alleged to have personally authorized the unlawful calls; the case did not concern an alleged agency relationship with a third-party telemarketer. *Id.* at 2-3. More fundamentally, the phrase "guiding spirit" is so vague as to lack any legal content. Notably, the *Mora* court merely quoted, but did not discuss, the phrase in its order.

The Court again concludes that Carter has failed to plausibly plead an agency relationship between Localis and BANG.

### B. Failure to Adequately Plead Use of an ATDS

The Court's prior order held that the complaint "fail[ed] to sufficiently plead the use of an ATDS" to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii), because Carter alleged "only a momentary pause after answering the phone, and only one time." ECF No. 36 at 11 (emphasis omitted). Absent "any additional allegations which might render plausible the use of an ATDS," the Court dismissed the complaint on this basis with leave to amend. *Id.*

Carter's first amended complaint superficially changes the allegation that she heard a "momentary" pause when she answered the call in question to assertion of a "significant" pause. *See* FAC ¶ 12; Compl. ¶ 15. The FAC also adds quotations from "[o]nline consumer complaints regarding unsolicited phone calls from the (925) 214-0546 number and BANG generally." FAC ¶

6

15. Carter asserts these complaints "bolster [her] allegations that the call(s) at issue were made using an ATDS." ECF No. 40 at 10. Carter further explains that "the purpose of the online complaints about Defendant's calls is to demonstrate that the volume of the calls is so great that it must have been using automated technology to place them." *Id.*

Even reading these assertions in the light most favorable to Carter, twelve online complaints does not correlate to a volume of calls so high as to suggest the use of an ATDS. Moreover, as BANG rightly identifies, the complaints Carter points to do not allege that the calls in question were placed by Localis or were received on cell phones, a necessary element to make out a violation under 47 U.S.C. § 227(b)(1)(A)(iii). ECF No. 39 at 17. Nor do the complaints include any additional details indicating that an ATDS was impermissibly used to place them. *Id.* The conclusory assertion that "Localis, acting on behalf of BANG, is calling so many people that they are almost certainly using automated technology that would constitute an ATDS" is not enough to plausibly plead use of an ATDS. *See* FAC ¶ 16.

Thus, the Court concludes that Carter's amendments have failed to render plausible her allegation that Localis used an ATDS.

## CONCLUSION

For the reasons set forth above, the Court grants BANG's motion to dismiss. Because the Court has previously granted Carter leave to amend, the Court concludes that further amendment would be futile and grants the motion without leave to amend. *Backus v. Biscomerica Corp.*, 378 F. Supp. 3d 849, 856-57 (N.D. Cal. 2019).

The Clerk is hereby ordered to enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 16, 2019

_____
JON S. TIGAR
United States District Judge